# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMERICAN NATIONAL PROPERTY &
CASUALTY CO.,**

          **Plaintiff,**

**-vs-**                                       **Case No. 6:07-cv-959-Orl-22KRS**

**TERESA DUQUE, JULIO SOLORZANO,
ANGELINE LOPEZ-BRACERO, HELEN
BRACERO-SOLORZANO, LEILANNETE
(LEILA) LOPEZ-BRAC, and ORLANDO
REGIONAL HEALTHCARE SYSTEM,
INC.,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST ANGELINE LOPEZ-BRACERO (Doc. No. 42)** |
| **FILED:** | **January 31, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST LEILANNETTE LOPEZ-BRACERO (Doc. No. 43)** |
| **FILED:** | **January 31, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **PLAINTIFF'S MOTION TO EXTEND TIME FOR ENTRY OF DEFAULT JUDGMENT AGAINST ANGELINE LOPEZ-BRACERO (Doc. No. 40)**
>
> **FILED:** January 31, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

> **MOTION:** **PLAINTIFF'S MOTION TO EXTEND TIME FOR ENTRY OF DEFAULT JUDGMENT AGAINST LEILANNETTE LOPEZ-BRACERO (Doc. No. 41)**
>
> **FILED:** January 31, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

## I. PROCEDURAL HISTORY

American National Property & Casualty Co. filed its complaint on June 8, 2007, seeking a declaratory judgment. The complaint names six defendants, including Angeline Lopez-Bracero ("Angeline") and Leilannette (Leila) Lopez-Bracero ("Leila").

On October 20, 2007, a process server attempted to serve process on Angeline at 43-40 44 Street, Apt. #1H, Sunnyside, New York. Doc. No. 37 at 3. The door was answered by a sixty-year old man named Raul, who confirmed that Angeline had lived at his family's apartment "for a while" until about one and one-half to two months ago. *Id*. Raul stated he was friends with Angeline's mother, who was currently hospitalized. *Id*. Raul offered to give the process server's name and telephone number to Angeline's mother. *Id*. The process server avers that he made two telephone calls to an unidentified cellular phone, leaving one message. *Id.* The process server went back to Raul's apartment twice on December 4, 2007, but no one answered the door. *Id*. The process server

taped the summons to Raul's apartment door, and mailed a copy of the summons to Angeline at "43-40 44 Street, Apt. #1H, Sunnyside, New York." *Id*.

On October 18, 2007, a process server attempted to serve process on Leila at 43-08 40 Street, Apt. 6F. Doc. No. 36 at 3. The city where service was attempted is alternately referred to as Sunnyside Queens or Sunnyside or Queens, New York. Doc. No. 36 at 3-4. No one answered the door one the first attempt. A second attempt was made on October 20, 2007. *Id*. at 3. An unidentified female in her 20's confirmed that Leila lived at the apartment with her nephew, but was not home. *Id*. A third attempt was made on October 22, 2007, an unidentified Hispanic female in her 20's denied that she was Leila, she said that Leila had moved, and she closed the door. *Id*. The Affidavit of Service does not indicate whether it was the same woman who answered the door on both occasions. Three additional attempts were made to serve the summons at the same address but the door was not answered. *Id*. at 3-4. A search of "public, proprietary and governmental data bases" did not yield any address or employment information for Leila. *Id*. at 4. The process server taped the summons to the apartment door and mailed a copy of the summons and complaint to Leila at "43-40 40 Street, Apt. 6F, Queens, New York." *Id*.

Plaintiff now moves for entry of default against Angeline and Leila and moves to extend the time to enter default judgment against Angeline and Leila until such time as final judgment is entered as to the remaining parties in the action.

**II.    THE LAW**.

Rules 4(d) and (e) of the Federal Rules of Civil Procedure provide that service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to

the individual defendant with a notice and request for waiver; (2) pursuant to state law in which the district court is located or in which service is effected; (3) by delivering a copy of the summons and complaint to the individual defendant personally; (4) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (5) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The district court is located in Florida. Florida law provides that individuals may be served by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) on the spouse; (4) or on an authorized agent. Fla. Stat. §§ 48.031, 48.151. Strict compliance with the statute is required for substitute service. *See Hovarth v. Aetna Life Ins. Co.,* 634 So. 2d 240 (Fla. 5th Dist. Ct. App. 1994). In *State ex. rel. Merritt v. Heffernan*, 195 So. 145, 147-48 (1940), the Florida Supreme Court defined the term "usual place of abode" as the place where the defendant "is actually living at the time of service." The word "abode" means "one's fixed place of residence for the time being when service is made." *Id*. at 147. If a person has more than one residence, he must be served at the residence in which he is actually living at the time of service. *Id*.

Angeline and Leila allegedly live in New York. Under New York law, service upon an individual may be made by delivering the summons (1) to the person to be served; (2) to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by either mailing the summons to the person's last known residence or by mailing summons to the person's actual place of business; (3) by delivering the summons within the

state to the agent for the person to be served as designated under rule 318; (4) where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode <u>and</u> by mailing the summons to the person's last known residence or by mailing summons to the person's actual place of business (the "nail and mail" method); or (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under the preceding methods. N.Y.C.P.L.R. § 308.

Under New York law, the terms "actual dwelling place," and "usual place of abode" imply a "degree of permanence and stability"; a casual stay at a given location will not suffice. *Bernardo v. Barrett*, 449 N.Y.S.2d 272, 273 (N.Y. App. Div.), *aff'd*, 443 N.E. 2d 953 (N.Y. 1982). The fact that a process server found a defendant at that location on one occasion, will not support a conclusion that it was her "actual dwelling place," or "usual place of abode." *Id*.

With respect to service pursuant to N.Y.C.P.L.R § 308(4), the courts require strict adherence to the letter of the law. *Elrac, Inc. v. Booker*, 752 N.Y.S.2d 520, 522 (2002). If the summons is not mailed to the correct or complete address, service is incomplete and deprives the court of jurisdiction. *Id*. If the process server fails to demonstrate that he could not obtain the individual's business address through diligent efforts, the due diligence requirement has not been met. *Id*. at 522-23.

**III.   ANALYSIS.**

The method of service used do not satisfy either federal or Florida requirements. The Affidavit of Service for Leila states that service was effected pursuant to N.Y.C.P.L.R. § 308(4). The Affidavit of Service for Angeline fails to state under what statute service purportedly was effected. I assume

for purposes of the present motions that Plaintiff contends that Angeline also was served pursuant to section 308(4).

The affidavits of service fail to establish that the locations where service was attempted were the actual dwelling place or usual place of abode for Angeline or Leila. The process server was told that Angeline had stayed at Raul's apartment for a while, but had moved a couple of months ago. Thus, she was not actually living there at the time service was attempted. There is nothing to show that Angeline's stay at Raul's apartment was of "a degree of permanence and stability" so as to make this her usual place of abode.

With respect to Leila, the process server provides no information as to how he determined the address where he attempted service was where Leila lived or that it was her usual place of abode. Although an unidentified person initially confirmed Leila lived there, that statement was then retracted.

There were also technical failures with respect to mailing of the summonses. The Affidavits of Service do not reflect that a zip code was used in either mailing. There also is some question whether the correct city was identified. *See Booker*, 752 N.Y.S. 2d at 522 (zip code required); *Avakian v. De Los Santos*, 583 N.Y.S. 2d 275, 276 (N.Y. App. Div. 1992)(finding service under section 308(4) insufficient due to issues of fact regarding city and zip codes to which summonses were mailed).

Plaintiff's motions for default against Angeline and Leila are premature, because Plaintiff has not established that they were been properly served. Correspondingly, Plaintiff's motion to extend

time for entry of default judgment against Angeline and Leila are moot as default has not yet been entered.

Furthermore, inasmuch as the 120 day time limit between filing the complaint and effective service of process provided for in Federal Rule of Civil Procedure 4(m) has expired, Plaintiff is **ORDERED** to show cause in writing, filed on or before February 21, 2008, why Angeline and Leila should not be dismissed without prejudice due to Plaintiff's failure to effect proper service.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE