**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMERICAN NATIONAL PROPERTY &**
**CASUALTY CO.,**

          **Plaintiff,**

-vs-                                            Case No. 6:07-cv-959-Orl-22KRS

**TERESA DUQUE, JULIO SOLORZANO,**
**ANGELINE LOPEZ-BRACERO, HELENE**
**BRACERO-SOLORZANO, LEILANNETE**
**(LEILA) LOPEZ-BRACERO, and**
**ORLANDO REGIONAL HEALTHCARE**
**SYSTEM, INC.,**

          **Defendants.**
_____

**JULIO SOLORZANO**, **and HELENE**
**BRACERO-SOLORZANO,**

          **Cross-claimants,**

-vs-

**TERESA DUQUE**,

          **Cross-claim Defendant**.
_____

## ORDER

This cause comes before the Court on the "Joint Motion to Sever and Abate Cross-claim for Separate Trial" (Doc. No. 62) and Defendants Julio Solorzano and Helene Bracero-Solorzano's Cross-claims against Teresa Duque (Doc. No. 35 pp. 7-9). Based on the submissions of the parties, relevant case law, and jurisdictional statutes, the Court DISMISSES

without prejudice Julio Solorzano and Helene Bracero-Solorzano's cross-claims for lack of jurisdiction, and DENIES the Joint Motion to Sever as moot.

## Background

This action arises out of a car accident that occurred on July 8, 2006, in which numerous individuals allegedly suffered bodily injuries. Doc. No. 1 ¶ 18. Cross-claimant Helene Bracero-Solorzano, a passenger in the car, alleges that she is paraplegic as a result of the accident. Doc. No. 35 ¶ 49. Angeline Lopez-Bracero was allegedly negligent in driving the car, which at some point was owned by Teresa Duque. *Id*.; Doc. No. 1 ¶¶ 10-11, 17. Teresa Duque claims she had already sold the car to Julio Solorzano at the time of the accident. Doc. No. 1 ¶¶ 10-11. Angeline Lopez-Bracero was allegedly driving with the express permission of Julio Solorzano and Teresa Duque. Doc. No. 35 ¶ 48. Teresa Duque had an automobile insurance policy on the car with American National Property and Casualty Co. ("the Insurer"). Doc. No. 1 ¶¶ 8-9.

On June 8, 2007, the Insurer filed a declaratory judgment action under the federal Declaratory Judgment Act (28 U.S.C. § 2201), seeking a declaration that the automobile was owned by Defendant Julio Solorzano on July 8, 2006, that Teresa Duque is relieved from liability for the actions of Angeline Lopez-Bracero, that the policy does not provide coverage for claims arising from the accident of July 8, 2006, and that the Insurer has no duty to defend or indemnify Teresa Duque, Angeline Lopez-Brazero, or Julio Solorzano under the policy with respect to claims regarding the July 8, 2006 accident. Doc. No. 1 ¶ 35. Teresa Duque, Orlando Regional Healthcare System, Inc., and Helene Bracero-Solorzano answered the Complaint. Doc. Nos. 10, 16, 35. The Court entered a default against Julio Solorzano on August 18, 2007. Doc. No. 24.

Angeline Lopez-Bracero and Leilannete Lopez-Bracero (a passenger in the car) were terminated as parties to this action on May 15, 2008.  Doc. No. 56.

On November 16, 2007, Julio Solorzano and Helene Bracero-Solorzano cross-claimed for negligence and loss of consortium against Teresa Duque.  Doc. No. 35.  Teresa Duque answered the cross-claims on December 21, 2007.  Doc. No. 38.  On June 30, 2008, all remaining parties to the declaratory action (the Insurer, Duque, Julio Solorzano, and Helene Bracero-Solorzano) filed a "Joint Motion to Sever and Abate Crossclaim for Separate Trial."  Doc. No. 62.

**Analysis**

If a Court determines at any time that it lacks subject matter jurisdiction over an action, the Court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  The cross-claims presented here are state law claims for negligence and loss of consortium.  Doc. No. 35 ¶¶ 46-53.  The Court could only exercise jurisdiction over these claims by means of supplemental jurisdiction, conveyed by 28 U.S.C. § 1367, or diversity jurisdiction, under 28 U.S.C. § 1332.

**I.  Supplemental Jurisdiction**

A federal court may exercise supplemental jurisdiction over claims that are part of the same case or controversy as the claim that gives the court original jurisdiction.  28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is not appropriate in this case, because Florida's nonjoinder statute mandates declining jurisdiction over these state law claims (*see* Fla. Stat. Ann. § 627.4136 (West 2005)),  because the claim would substantially predominate over the declaratory judgment claims (28 U.S.C. § 1367(c)(2), (4)), and because the Court is not convinced that the state law tort claims arise out of the same case or controversy as the insurance

dispute (28 U.S.C. § 1367(a)).  Thus, the Court declines to exercise supplemental jurisdiction. *See, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

## II.  Diversity Jurisdiction

For diversity jurisdiction to exist, the parties must be completely diverse and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted).  While the cross-claimants appear to meet the amount in controversy requirement (Doc. No. 35 ¶¶ 42, 49-50), there is no showing that the cross-claimants are diverse from Teresa Duque.  In their answer, cross-claimants Julio Solorzano and Helene Bracero-Solorzano admit that "[a]t all times material, Julio Solorzano resided in Kissimmee, FL (Osceola County)" and that "[a]t all times material, Helene Bracero-Solorzano resided in Kissimmee, FL (Osceola County)[.]" Doc. No. 35 ¶ 4(a), (c).  Teresa Duque has also admitted that she is a citizen of the State of Florida.  Doc. No. 38 ¶ 44; Doc. No. 35 ¶ 44.  Because the Cross-claimants have not satisfied the jurisdictional showing required by Fed. R. Civ. P. 8(a)(1), the cross-claims are dismissed without prejudice. Julio Solorzano and Helene Bracero-Solorzano may refile in the appropriate court.

**Conclusion**

Based on the foregoing, it is ORDERED as follows:

1. Julio Solorzano and Helene Bracero-Solorzano's Cross-claims against Teresa Duque (Doc. No. 35 ¶¶ 42-53), filed November 16, 2007, are DISMISSED without prejudice.

2. The Joint Motion to Sever and Abate Crossclaim for Separate Trial (Doc. No. 62), filed June 30, 2008, is DENIED as MOOT.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 29, 2008.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge